O/JS-6



UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHIH HSIN TENG,<br><br>　　　　Plaintiff(s),<br><br>　v.<br><br>CLERK MICHELLE URIE, et al.,<br><br>　　　　Defendant(s). | CASE NO. SACV07-0785 DOC (ANx)<br><br>Consolidated Cases:<br>　　SACV07-1175 DOC (ANx)<br>　　SACV08-0268 DOC (ANx)<br>　　SACV07-0844 DOC (ANx)<br>　　SACV07-0869 DOC (ANx)<br>　　SACV08-0395 DOC (ANx)<br><br>**O R D E R DISMISSING CONSOLIDATED ACTIONS AS FRIVOLOUS** |

　　Plaintiff Chich Hsin Teng ("Teng") failed his driver's test and was denied a license. He sued the DMV and others in Federal Court. When he did not prevail, he sued members of the court staff. When this did not work, he began suing judges, including this Court.

　　On May 9, 2008, the Court consolidated five of Teng's cases presently before it and order Teng to show cause why (a) his cases should not be dismissed as frivolous, and (b) why he should not be declared a vexatious litigant. Rather than respond, Teng sued this Court in Case No. SACV08-900 AG. Accordingly, the Court delayed ruling on its Order to Show Cause pending a determination in that action.

　　On September 18, 2008, Judge Guilford dismissed that suit without prejudice and declared Teng a vexatious litigant. Accordingly, the Court will now rule on its prior Order to

Show Cause.

Teng's suits are hereby dismissed under the doctrines of judicial immunity and res judicata.

The court staff Teng sued are immune from suit. *See Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) (citing *Bradley v. Fisher*, 80 U.S. 335, 347 (1872)) ("a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself."); *Cleavinger v. Saxner*, 474 U.S. 193, 200-02 (1985) (immunity extends to judicial offices "closely associated with the judicial process."); *Mullis v. U.S. Bankruptcy Court*, 828 F.2d 1385, 1390 (1987) (absolute quasi-judicial immunity to clerks).

Teng's claims against the DMV were dismissed. Therefore, those claims are barred by res judicata.

Because Judge Guilford has already deemed Teng a vexatious litigant, the Court need not pass on that issue.

Thus, Teng's suits are hereby DISMISSED WITH PREJUDICE. *See Taylor v. Vermont Dept. of Educ.*, 313 F. 3d 768, 776 (2d Cir. 2002) (appropriate to dismiss *pro se* complaint as frivolous where it is "beyond doubt" that plaintiff cannot prevail on facts alleged).

IT IS SO ORDERED.

DATED: September 19, 2008

_David O. Carter_
DAVID O. CARTER
United States District Judge